IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JAMES R. KELLEY

                        Petitioner,                                           ORDER

           v.                                                                     08-cv-027-bbc

ROBIN KENNEDY, JOHN REID
and JILL FALSTAD,

                      Respondents.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      In an order entered in this case on February 8, 2008, I assessed petitioner an initial partial payment of the $350 filing fee in the amount of $1.66 and gave him until February 29, 2008, in which to submit his payment.  Now petitioner has filed a letter postmarked February 20, 2008, that I construe as a motion to waive the initial partial payment.  In his motion, petitioner says that he does not have the funds to pay the $1.66 initial partial payment and does not expect to be able to pay it until he is transferred to prison in March or April.  (Petitioner has not provided any further information regarding his future transfer to prison.  However, I note that petitioner continues to be incarcerated at the Marathon County jail.)

      Under §1915(b)(4), a prisoner may not be prohibited from bringing a lawsuit if "the

prisoner has no assets and no means by which to pay the initial partial filing fee." Petitioner may think that he falls into the category of prisoners who have "no means" to make an initial partial payment, but controlling authority holds otherwise. Petitioner's immediate lack of income is not sufficient by itself to allow me to conclude that he lacks the means to pay the initial partial payment pursuant to 28 U.S.C. § 1915(b)(4). In Newlin v. Helman, 123 F.3d at 435, the court of appeals stated,

> [I]t is not enough that the prisoner lack assets on the date he files. If that were so, then a prisoner could squander his trust account and avoid the fee. Section 1915(b)(4) comes into play only when the prisoner has no assets and no means by which to pay the initial partial filing fee. A prisoner with periodic income has "means" even when he lacks "assets."

Further, in measuring periodic income, § 1915 requires courts to look backward in time rather than forward. In other words, in determining whether a prisoner has the means to pay, the court cannot consider representations the prisoner makes about his future income or lack of it. Rather, the court must look at the prisoner's income from the previous six months. 28 U.S.C. § 1915(a)(2).

In this case, petitioner had two deposits to his account: the first in the amount of $10 on November 20, 2007, and the second in the amount of $15 on December 18, 2007. From these deposits, I calculated petitioner's initial partial payment to be $1.66. Section 1915 does not grant courts discretion to reduce or waive an initial partial payment, even if the prisoner says he is unable to pay it. Therefore, I will deny petitioner's motion to waive the initial partial payment.

Under the circumstances of this case, I will extend to March 21, 2008, the deadline for petitioner to pay the initial partial payment he owes.  However, if by March 21, 2008, petitioner fails to pay the initial partial payment, I will consider that he has withdrawn this action and he will not owe a filing fee.  In that event, if, at some future time, petitioner is able to make an initial partial payment or enough time elapses that a six month trust fund account statement would show that he has no means to make an initial partial payment, he would be free to file a new lawsuit.

ORDER

IT IS ORDERED that

1. Petitioner's letter postmarked February 20, 2008, construed as a motion to waive the initial partial payment (dkt. #6) is DENIED.

2. Petitioner may have an enlargement of time to March 21, 2008, in which to submit a check or money order made payable to the clerk of court in the amount of $1.66. If, by March 21, 2008, petitioner fails to make the initial partial payment, the clerk is directed to close this file without prejudice to petitioner's filing his case at a later

Case: 3:08-cv-00027-bbc Document #: 7 Filed: 03/03/08 Page 4 of 4

date.

Entered this 3rd day of March, 2008.

                                    BY THE COURT:

                                      /s/

                                  _____
                                  BARBARA B. CRABB
                                  District Judge